**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| CITY OF ST. CLAIR SHORES GENERAL EMPLOYEES' RETIREMENT SYSTEM,, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LENDER PROCESSING SERVICES, INC., JEFFREY S. CARBIENDER, LEEE A. KENNEDY, and FRANCIS K. CHAN,<br><br>Defendants. | **CASE NO. 3:10-CV-1073-TJC-JBT** |
| SOUTHWEST OHIO DISTRICT COUNCIL OF CARPENTERS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LENDER PROCESSING SERVICES, INC., JEFFREY S. CARBIENDER, LEEE A. KENNEDY, and FRANCIS K. CHAN,<br><br>Defendants. | **CASE NO. 3:11-CV-00033-TJC-JBT** |

**MOTION OF SOUTHWEST OHIO DISTRICT COUNCIL OF CARPENTERS FOR: (1) CONSOLIDATION OF RELATED ACTIONS, (2) APPOINTMENT AS LEAD PLAINTIFF, AND (3) APPROVAL OF LEAD COUNSEL, AND INCORPORATED MEMORANDUM OF LAW**

## MOTION

Southwest Ohio District Council of Carpenters ("Movant"), upon the Declaration of Joseph E. White, III, the attached exhibits, the Memorandum of Law, and such other evidence as the Court may consider, moves this Court for an Order for: (i) consolidation of these related actions, (ii) appointment of Movant as Lead Plaintiff in the consolidated actions pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B); (iii) approval of Movant's choice of Lead Counsel, and (iv) granting such other and further relief as the Court may deem just and proper.

## MEMORANDUM OF LAW

### I. PRELIMINARY STATEMENT

On November 23, 2010, the City of St. Clair Shores General Employees' Retirement System filed a securities class action in the United States District Court for the Middle District of Florida (the "*St. Clair* Action"),[1] on behalf of all persons who purchased or otherwise acquired Lender Processing Services, Inc. ("LPS" or the "Company") securities between July 29, 2009 and October 4, 2010, inclusive (the "Class Period"). Movant filed the above-captioned securities class action in this Court, alleging the same or similar claims against Defendants, on January 11, 2011 (the "*Carpenters* Action"). Both actions were brought pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder. Defendants named in these actions include LPS and certain of LPS's officers.

Movant seeks an Order pursuant to Local Rule 1.04(c) and Rule 42(a) of the Federal Rules of Civil Procedure consolidating the above-captioned actions and all related later-filed securities class actions involving Defendants that are pending in the United States District Court

[1] The *St. Clair* Action is captioned as follows: *City of St. Clair Shores General Employees' Retirement System v. Lender Processing Services, et al.*, Case No. 3:10-cv-1073-32-JBT (M.D.Fla., First Filed on November 23, 2010).

for the Middle District of Florida. Consolidation is warranted, given the similarities of the actions, to facilitate judicial economy, and to ensure the orderly prosecution of the claims brought on behalf of the Company.

Further, the PSLRA directs the Court to appoint as Lead Plaintiff the movant or group of movants that have demonstrated the "largest financial interest in the litigation" and also meet the typicality and adequacy prongs of Fed. R. Civ. P. 23. *See* 15 U.S.C. 78u-4(a)(3)(B)(iii). As demonstrated herein, Movant has sustained losses totaling $181,866.90.[2] Movant's losses are believed to be the largest among purported class members seeking appointment as Lead Plaintiff.[3] Movant is unaware of any other class member that has filed an action or an application for appointment as Lead Plaintiff that sustained greater financial losses.[4] Movant understands the commitments of a Lead Plaintiff and, as demonstrated herein, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. In addition, Movant has retained competent and experienced counsel to prosecute this securities litigation and seeks the Court's approval of its selection of Counsel. Accordingly, under the PSLRA Movant is presumptively the most adequate plaintiff and is entitled to appointment as Lead Plaintiff for the class.

Pursuant to the PSLRA, the Lead Plaintiff—subject to Court approval—is entitled to select Lead Counsel for the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Movant has selected the law firm of Saxena White P.A. ("Saxena White") to serve as Lead Counsel. Saxena White has extensive experience successfully litigating securities class actions and possesses the

[2] The losses suffered by Movant are not the same as its legally compensable damages, the measure of which is often a complex legal question that cannot be determined at this stage of litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(B) and based upon reference to information concerning the current market for the Company's securities.

[3] The transactions of Movant in LPS securities during the Class Period are set forth in the individual certification of Herb Adams, on behalf of the Southwest Ohio District Council of Carpenters, which is attached as Exhibit B to the Declaration of Joseph E. White, III ("White Decl.") dated January 24, 2011.

[4] A chart setting forth Movant's losses is attached as Exhibit C to the White Decl.

resources necessary to vigorously pursue this litigation on behalf of the Class. For the reasons summarized herein and discussed more fully below, Movant's motion should be approved in its entirety.

## **STATEMENT OF FACTS**[5]

LPS is a Delaware corporation, which is actively traded on the NYSE, and has executive offices located at 601 Riverside Avenue, Jacksonville, Florida, 32204. ¶15. Beginning on July 29, 2009, the Company commenced a pattern of filing misleading statements and/or omissions in regards to its business activities, execution of affidavits, and preparation of mortgage assignments. *See* ¶¶33-60. These statements were false and misleading because they failed to demonstrate that LPS, along with its subsidiary Docx LLC ("Docx"), were fraudulently executing mortgage preparation affidavits with "robo-signers", and engaging in illegal fee-sharing agreements with foreclosure and mortgage law firms. ¶¶63-65.

Further, on October 4, 2010, the Company issued a press release, downplaying suspicions as to its fraudulent business activities as a "mere mischaracterization". ¶61. In reaction to this press release, the Company's stock fell 8.6%, or $2.72 per share on October 4, 2010, and fell even further on October 5, 2010, by 5.04% or $1.45. ¶62.

The *Carpenters* Action alleges that Defendants' statements made in public SEC filings throughout the Class Period were materially false and misleading statements and/or omissions, because they failed to disclose and/or misrepresented: (1) that LPS has been repeatedly engaging in improper and deceptive business practices, (2) that Docx has been using robo-signers to falsify lender affidavits and other documents, (3) that LPS has been engaging in improper fee sharing agreements with law firms or foreclosure attorneys in Florida, including undisclosed contractual

[5] These facts were derived from the allegations contained in the class action styled as *Southwest Ohio District Council of Carpenters v. Lender Processing Services, Inc., et al.,* Case No. 3:11-cv-00033-HES-JBT (M.D.Fla., First Filed on January 11, 2011).

arrangements for wrongful fee splitting, and (4) that as a result of LPS's deceptive and improper business practices, the Company has been reporting numerous misleading financial results. ¶66.

## ARGUMENT

As discussed below, the Court should consolidate the above-captioned related actions (the "Related Actions") given their similarity, and that it would ensure orderly prosecution of claims brought against Defendants. Moreover, Movant satisfies each of the three requirements set forth in the PSLRA and is qualified for appointment as Lead Plaintiff for the Class. Lastly, Movant also seeks approval by this Court of its selection of Lead Counsel.

## I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Movant seeks consolidation of the following related securities class actions filed in this court:

| Case Name | Case No. | Filing Date |
|---|---|---|
| *City of St. Clair Shores General Employees' Retirement System v. Lender Processing Services, Inc., et al.* | 3:10-cv-1073-J-32-JBT | 11/23/2010 |
| *Southwest Ohio District Council of Carpenters v. Lender Processing Services, Inc., et al.* | 3:11-cv-00033-HES-JBT | 1/11/2011 |

To Movant's knowledge, there are no other class actions brought pursuant to the federal securities laws (other than those listed above) against Defendants pending in this Court.

Pursuant to Local Rule 1.04(c), consolidation of the Related Actions is warranted, as 1.04(c) states:

> If cases assigned to a judge are related because of either a common question of law or fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to consolidate the cases for any or all purposes in accord with Rule 42.Fed.R.Civ.P., or Rule 13, Fed.R.Cr.P. The moving party shall file a notice of filing the motion to consolidate, including a copy of the motion to consolidate, in each related case. If the presiding judge determines that the same magistrate judge should preside in some or all respects in some or all of the

> consolidated cases, the Clerk shall assign the magistrate judge assigned to the first-filed among the affected cases to preside in that respect in those cases.

Further, the consolidation of actions in federal court is also governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *see also Grand Lodge of Pennsylvania v. Peters*, 2007 WL 1812641, at *1 (M.D.Fla. 2007) (finding consolidation warranted pursuant to the PSLRA, as the multiple actions involved each asserted "substantially the same claim or claims"); *Vincelli v. National Home Health Care Corp.*, 112 F.Supp.2d 1309, 1312 (M.D.Fla. 2000) (finding consolidation of related actions warranted under Local Rule 1.04 as the actions all involved a "common question of law or fact" and consolidation would "tend to avoid unnecessary costs or delay").

Here, the Related Actions clearly involve common issues of law and fact, as they each name identical defendants, bring similar claims, and arise from the same factual circumstances. Consolidation of the Related Actions is necessary and appropriate and will serve to promote an efficient litigation by expediting pretrial proceedings, avoiding duplication of effort, avoiding harassment of parties and witnesses and minimizing the expenditure of time and money by all persons concerned. Moreover, consolidation of the Related Actions is warranted because each of these cases is dependent on proof of the same questions of law and fact—specifically, whether the Individual Defendants violated the federal securities laws by, *inter alia*, misleading and omitting material information in public disclosures, as well as falsifying affidavits, and mortgage preparation materials. Hence, the parties in each case will seek to review the same documents and depose the same witnesses.

Given that the Related Actions are in their infancy, litigating these cases in one consolidated fashion will conserve judicial resources and is the most efficient method for adjudicating this controversy. *See Vincelli*, 112 F.Supp.2d at 1312-13 ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.") (internal quotations omitted).

Under these circumstances, consolidation is proper pursuant to Local Rule 1.04(c) and Fed. R. Civ. P. 42(a).

## II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure that governs the appointment of a Lead Plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i). Specifically, the PSLRA provides that, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs who filed the initial complaint shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class:

> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiffs of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i).

Furthermore, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiffs in response to any such notice within 60

days after the date of publication of the notice. Under this section, the court "shall" appoint the "most adequate plaintiff," and is to presume that such plaintiff is the person, or group of persons, which:

(aa) has either filed the complaint or made a motion in response to a notice…

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I).

As discussed below, Movant has complied with the procedural prerequisites of the PSLRA. Moreover, Movant believes that it has the largest financial interest in the litigation, and otherwise meets the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure.

**B. <u>Movant Is "The Most Adequate Plaintiff"</u>**

**a. <u>Movant's Motion for Appointment As Lead Plaintiff is Timely</u>**

Under the deadlines established by the PSLRA, any class members interested in moving for the appointment as Lead Plaintiff in this matter must do so within 60 days of the date of publication of the notice of the first filed action, or on November 23, 2011, when notice was filed in the *St. Claire* Action on *BusinessWire* (attached as Exhibit A to the White Decl.). 15 U.S.C. §78u-4(a)(3)(A) and (B). Because this Motion is filed within the requisite time frame after publication of the notice, Movant's motion is timely.

**b. <u>Movant Has the Largest Financial Interest In The Litigation</u>**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall presume that the most adequate plaintiff is the "person or group of persons" that represent(s) the largest financial interest in the relief sought by the action and who also meets the requirements of Rule 23. During the Class Period, as evidenced by, among other things, the accompanying signed

certification and loss chart (*see* White Decl. Exhibits B and C), Movant has incurred a total loss of $181,866.90 on its transactions in LPS shares. Movant believes that it has the largest financial interest in the litigation and it satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4 (a)(3)(B); *see also Plumbers and Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.*, 2008 WL 2608111, at *2 (M.D.Fla. 2008) (appointing a group of investors with the largest financial interest as Lead Plaintiff); *Eastwood Enterprises v. Farha*, 2008 WL 687351, at **1-2 (M.D.Fla. 2008) (same).

**c. <u>Movant Otherwise Satisfies Rule 23</u>**

In addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to be the presumptively most adequate plaintiff. 15 U.S.C. §78u-4(a)(3)(B). To that end, Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two—typicality and adequacy—are relevant in the Lead Plaintiff analysis. Consequently, in deciding the motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until Lead Plaintiff moves for class certification. *See Darden Restaurants*, 2008 WL 2608111, at n2; *see also Grand Lodge of Pennsylvania v. Peters*, 2007 WL 1812641, at n7 (M.D.Fla. 2007).

This interpretation is supported by the PSLRA, which provides that the most adequate plaintiff presumption may be rebutted only by proof that a plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

**a. Movant's Claims Are Typical of the Class Claims**

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. The typicality requirement of Rule 23(a) is satisfied when a plaintiff has, similar to other class members: (i) purchased securities during the class period in reliance on allegedly false and misleading statements issued by defendants, and (ii) has suffered financial losses allegedly due to defendants' conduct. *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 2007 WL 170556, at *3 (M.D.Fla. 2007). Since the *Carpenters* Action seeks to prove that Defendants committed the same unlawful acts in the same methods against an entire class, and all members of this class have identical claims, the typicality requirement of Rule 23(a)(3) is satisfied. *See id.*; *see also Eastwood Enterprises v. Farha*, 2008 WL 687351, at *1. Movant seeks to represent a class of purchasers of LPS common stock that have identical, non-competing, and non-conflicting interests, and satisfy the typicality requirement because they: (a) purchased LPS shares during the Class Period at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants, and (b) were damaged by Defendants' alleged violations of the federal securities laws. Movant's claims meet the typicality requirement, since all the claims arise out of the same course of events, are based on the same legal theories and questions of liability are common to all proposed class members. *See Edward J. Goodman Life Income Trust*, 2007 WL 170556, at *3.

**b. Movant Will Fairly and Adequately Protect the Interests of the Class**

Rule 23(a) further requires that the class representative fairly and adequately represent the class. In determining whether a representative will fairly and adequately represent the class, courts assess: (i) whether the proposed Lead Plaintiff has interests that are not antagonistic to the class, (ii) whether the class representative has significant interest in the outcome of the case to ensure vigorous advocacy, and (iii) whether the representative party's counsel is qualified,

experienced, and generally able to conduct the litigation. *See id.*; *see also Molema v. Bio-One Corp.*, 2006 WL 1733859, at *2 (M.D.Fla. 2006).

Movant will more than adequately represent the interests of the class. First, Movant's interests are clearly aligned with the interests of the members of the proposed Class, and there is no antagonism or conflict whatsoever between its respective interests and the interests of the Class members. As detailed above, Movant shares substantially similar questions of law and fact with the members of the Class, and its claims are typical of the members of the Class. Second, Movant has amply demonstrated its adequacy as a class representative by signing a certification affirming its willingness to serve as and assume the responsibilities of Lead Plaintiff. *See* White Decl. Exhibit B. Furthermore, having suffered substantial losses as a result of Defendants' misrepresentations and/or omissions, Movant will be a zealous advocate on behalf of the class. Finally, Movant's proposed Lead Counsel, Saxena White is highly qualified and has extensive experience in successfully prosecuting securities class actions, as discussed *infra*. *See* White Decl., Exhibit D.

Thus, the close alignment of interests between Movant and the other class members, and its strong desire to prosecute this action on behalf of the Class, provide ample justification to appoint Movant as Lead Plaintiff in this litigation. Accordingly, Movant satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion and should be appointed as Lead Plaintiff.

## III. THE COURT SHOULD APPROVE OF MOVANT'S SELECTION OF LEAD COUNSEL

Pursuant to the PSLRA, the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class. 15 U.S.C. §78u-4(a)(3)(B)(v). Moreover, the Court should not disturb Lead Plaintiff's choice of counsel unless "necessary to protect the interests of the plaintiff class." *See* Statement of Managers—The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H14691-08, at H13700 (daily ed. Nov. 28, 1995); *see also Molema v.*

*Bio-One Corp.*, 2006 WL 1733859, at * 2 (M.D.Fla. 2006) ("Approval of lead counsel necessarily requires an independent evaluation of, among other considerations, the effectiveness of proposed class counsel to ensure the protection of the class.").

In that regard, Movant has selected the law firm of Saxena White to serve as Lead Counsel to pursue this litigation on its behalf and on behalf of the Class. As mentioned above, Saxena White possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As demonstrated in its firm resume, Saxena White has been appointed as lead or co-lead counsel in landmark, precedent-setting class actions. *See* White Decl., Exhibit D. Accordingly, the Court may be assured that, in the event the instant motion is granted, the members of the Class will receive the highest caliber legal representation available.

Saxena White is a well-established, nationwide firm with an extensive and impressive track record of prosecuting complex lawsuits, including securities class actions, shareholder derivative cases and merger & acquisition litigation. With offices in Florida, Massachusetts, and Montana, Saxena White is well-positioned to handle complex shareholder litigation across the country. In litigating securities class actions, shareholder derivative actions, breach of fiduciary duty class actions, merger & acquisition challenges and consumer class actions, Saxena White has repeatedly demonstrated an ability to provide plaintiffs with superior representation as Lead Counsel. The firm's considerable efforts have led to groundbreaking settlements and judgments resulting in a collective recovery in the hundreds of millions of dollars. In addition, Saxena White has been involved in groundbreaking litigations resulting in significant monetary benefits for shareholders totaling hundreds of millions of dollars. Courts throughout the country have

recognized that Saxena White has the experience and resources to successfully and efficiently prosecute complex class and derivative actions as Lead and Co-Lead Counsel.

For instance, acting as sole Class Counsel in a securities fraud action against SIRVA, Inc., Saxena White gained final approval from the Northern District of Illinois of a $53.3 million settlement for shareholders. *See Central Laborers' Pension Fund v. SIRVA, Inc., et. al.*, No. 04 CV-07644 (N.D. Ill. November 2, 2007). In addition to the monetary component of the settlement, SIRVA made significant reforms to its internal controls policies, including discarding the SIRVA Board of Directors plurality standard for director elections, and strengthening requirements regarding director attendance at shareholder meetings. The development and implementation of these reforms (which the company recognized was a main result of the litigation) was truly a testament to the negotiating and litigation acumen that Saxena White demonstrated during the course of this complex action.

The Western District of Texas, El Paso Division, granted final approval of a $4,500,000 securities fraud class action settlement in which Saxena White served as sole Class Counsel. *See In re Helen of Troy Limited Securities Litigation*, No. EP-05-CA-431-H (W.D. Tex. June 19, 2008). Further, the Honorable William S. Duffey, Jr. of the Northern District of Georgia, also noted that Saxena White's lawyers act with "dignity and respect," produce "well-done pleadings," are "thorough [and] insightful," and "fight[] as hard but as honestly and professionally as they can for the interest of their clients." *In re Freidman's Sec. Litig.*, 1:03-CV-3475-WSD (N.D. Ga. Feb. 5, 2009).

Similarly, the Honorable Judge Jed S. Rakoff, a noted Judge of the Southern District of New York, recognized that Saxena White had performed "excellent work" in this "important

case" on behalf of Merrill Lynch and its shareholders worldwide. *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litig.*, 4:07 Civ. 9633 (JSR) (S.D.N.Y. Jan. 20, 2009).

Saxena White is also currently serving as Co-Lead Counsel in one of the most significant derivative cases in the nation, *In re Bank of America Corp. Securities, Derivative and ERISA Litigation*, No. 09-MD-2058 (S.D.N.Y. Filed). The firm was appointed as Co-Lead Counsel from amongst numerous firms, with Judge Chin expressly noting that Saxena White is "*experienced and qualified to serve as lead counsel.*" Similarly, Saxena White is also serving as Co-Lead Counsel in another noteworthy derivative action, *Lee P. Rosky v. Todd S. Farha, et al.*, No. 8:07-cv-1952-VMC-MAP (Consolidated) (M.D.Fla. Filed Nov. 7, 2007), involving claims against WellCare Health Care Plans, Inc.

As there is nothing to suggest that Movant or its counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses—which is the *only* evidence that can rebut the presumption of inadequacy under the PSLRA—this Court should appoint Movant as Lead Plaintiff and approve its selection of Saxena White as Lead Counsel for the Class.

## CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the above-captioned Related Actions, (2) appoint Movant as Lead Plaintiff pursuant to §21D(a)(3)(B); and (3) approve of Movant's selection of Saxena White as Lead Counsel.

Dated: January 24, 2011

By: */s/ Joseph E. White, III*
Joseph E. White III (28076)
Maya Saxena (23479)
Christopher S. Jones (25523)
Lester R. Hooker (32242)
2424 N. Federal Highway, Suite 257
Boca Raton, FL 33431

Tel: 561 394-3399
Fax: 561 394-3082

***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of January, 2011, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

*/s/ Joseph E. White, III*
Joseph E. White, III