**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CITY OF ST. CLAIR SHORES GENERAL
EMPLOYEES' RETIREMENT SYSTEM,
Individually and on Behalf of All Others
Similarly Situated,

                    Plaintiff,

vs.                                                                    Case No. 3:10-cv-1073-J-32JBT

LENDER PROCESSING SERVICES, INC.,
et al.,

                    Defendants.
_____

## ORDER

        Plaintiff, City of St. Clair Shores General Employees' Retirement System, filed this

class action against Defendants, Lender Processing Services, Inc. ("LPS"), Lee A. Kennedy,

Jeffrey S. Carbiener, Francis K. Chan, and Michelle M. Kersch, claiming violations of the

federal securities laws, specifically sections 10(b) and 20(a) of the Securities Exchange Act

of 1934.  This case is before the Court on Defendants' motion to dismiss.  (Doc. 45.)  The

Court considers Defendants' motion and exhibits and Plaintiff's response and exhibits.[1]

(Docs. 45, 46, 50, 51 and 57.)

## I.    Background

        LPS is a publicly-traded company providing mortgage processing services, settlement

services, and default solutions, as well as servicing and technology solutions to mortgage

_____

        [1]  Defendants requested oral argument on the motion (Doc. 47); however, the Court
believes oral argument is not necessary at this time.

lenders.  (Doc. 41 at ¶ 2.)  Plaintiff and the other potential class members are persons or entities who purchased or acquired shares of LPS between August 6, 2008 and October 4, 2010.  (Id. at ¶ 1.)  Plaintiff's amended complaint alleges that during the relevant period, Defendants engaged in a fraudulent scheme, relying on illicit business practices to artificially inflate LPS's revenue and stock price.  (Id.)  As a result, Plaintiff asserts that LPS shareholders suffered millions of dollars in losses.  (Id.)

## II.   **Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Twombly, 550 U.S. at 555 (citations omitted).

A plaintiff states a claim under section 10(b) and Rule 10b-5 by alleging (1) a material misrepresentation or omission; (2) scienter; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation.  FindWhat Investor Grp. v. FindWhat.com, 658 F.3d 1282, 1295 (11th Cir. 2011).  To avoid dismissal, a Rule 10b-5 claim must satisfy the federal notice pleading requirements and the special fraud pleading requirements under Rule 9(b), Federal Rules of Civil Procedure, as well as the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Id. at 1296.

The federal notice pleading standards require a complaint to contain "a short and plain

2

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"For purposes of this analysis, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." FindWhat Investor Grp., 658 F.3d at 1296 (internal quotation omitted).  However, where the complaint alleges fraud, Rule 9(b), Federal Rules of Civil Procedure, mandates that the complaint "state with particularity the circumstances constituting fraud[.]"  Fed. R. Civ. P. 9(b).

> While Rule 9(b) does not abrogate the concept of notice pleading, it plainly requires a complaint to set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

FindWhat Investor Grp., 658 F.3d at 1296.

The PSLRA imposes additional heightened pleading requirements in Rule 10b–5 actions, and provides that for Rule 10b–5 claims predicated on allegedly false or misleading statements or omissions, "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). Further, for all private Rule 10b–5 actions requiring proof of scienter, "the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of

3

mind." Id. at § 78u-4(b)(2)(A).  "Although factual allegations may be aggregated to infer

scienter, scienter must be alleged with respect to each defendant and with respect to each

alleged violation of the statute."  FindWhat Investor Grp., 658 F.3d at 1296.  If the PSLRA

pleading requirements are not met, "the court shall, on the motion of any defendant, dismiss

the complaint[.]" 15 U.S.C. § 78u-4(b)(3)(A).

III.    **Discussion**

Defendants allege that Plaintiff's complaint falls short of the heightened pleading

requirements of Rule 9(b) and the PSLRA in multiple respects, including the failure to

adequately plead: (1) that the individual defendants "made" any of the alleged

misstatements; (2) that any of the alleged misstatements were materially false or misleading;

(3) loss causation; and (4) a strong inference of scienter.  (Doc. 45 at 1, 9-10.)  Many of

Defendants' arguments are not well-taken.   Additionally, to the extent that Defendants

attempt to refute the Complaint's factual allegations, this effort is inappropriate at the motion

to dismiss stage.

First, Defendants rely heavily upon the Supreme Court's decision in Janus Capital

Group, Inc. v. First Derivative Traders, 131 S. Ct. 2296 (2011) for the proposition that

Plaintiff has not adequately alleged that the individual defendants "made" the alleged

misstatements.[2]  (Docs. 45 at 21-22; 57 at 9-11.)  In Janus, the Court addressed whether

_____

[2] There are factual issues intertwined with this contention that merit questioning whether
it is more appropriately addressed at a later stage in the proceedings.  See S.E.C. v. Mercury
Interactive, LLC, No. 5:07-cv-02822-WHA, 2011 WL 5871020, at *2 (N.D. Cal. Nov. 22,
2011) ("Skaer contends . . . that the actual contents of the proxy statements may not be
attributed to her[, that] . . . she signed the notices in her capacity as an officer of the
company, and that the company is the sole 'maker' of the proxy statements. These factual

4

a mutual fund investment advisor could be held liable under Rule 10b-5 for false statements included in mutual fund prospectuses.  <u>Janus</u>, 131 S. Ct. 2296 at 2299.  The Court held that although the advisor played a role in preparing and disseminating the prospectuses, the advisor did not have ultimate authority over the statements, and thus did not "make" the statements.  <u>Id.</u> at 2303, 2305.  The Court stated:

> For purposes of Rule 10b–5, the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it. Without control, a person or entity can merely suggest what to say, not "make" a statement in its own right. One who prepares or publishes a statement on behalf of another is not its maker.

<u>Id.</u> at 2302.

Here, the Plaintiffs have sufficiently alleged that the individual defendants – including a board of directors member (and chairman), Kennedy, and three officers of LPS, Carbiener, Chan, and Kersh – had ultimate authority over their statements.  Viewing the facts in the light most favorable to Plaintiff, attribution of the statements to the individual defendants is appropriate.  The individual defendants made statements and were quoted in press releases and articles in their official capacities.  They made such statements as agents of LPS, which is distinguishable from <u>Janus</u>, where the statements were on behalf of a separate, independent entity.  In addition to making statements as officers of LPS, Defendants Carbiener and Chan signed Sarbanes-Oxley certifications accompanying LPS's Securities and Exchange Commission filings.  <u>See</u> <u>Local 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.</u>, No. CV: 10-2847-IPJ, 2011 U.S. Dist. LEXIS 93873, at *3 (N.D.

---

assertions are beyond the scope of a motion to dismiss.").

Ala. Aug. 23, 2011) ("Nothing in <u>Janus</u> stands for the proposition that CEOs and CFOs can not [sic] be liable for false and misleading statements in their own company's financial statements, for which they signed Sarbanes-Oxley certifications."); <u>In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.</u>, MDL No. 1658 (SRC), 2011 WL 3444199, at *25 (D.N.J. Aug. 8, 2011) (holding that the defendant's role was "in no way analogous" to the advisor's relationship to the statements issued in <u>Janus</u> because the defendant was an officer of Merck, signed SEC forms, was quoted in articles and reports in his capacity as an officer of Merck, and "made the statements pursuant to his responsibility and authority to act as an agent of Merck, not as in <u>Janus</u>, on behalf of some separate and independent entity").[3]

Second, the Defendants contend that Plaintiff has not sufficiently pled that any of the alleged misstatements were materially false or misleading.  However, accepting as true the factual allegations in the Complaint and construing them in the light most favorable to Plaintiff, the alleged misstatements and/or omissions could be found to be false or misleading.   Even if Defendants' statements were literally accurate, as argued by Defendants, the facts alleged in the Complaint establish that the statements could be determined to be misleading to investors.[4]  <u>See</u> <u>McMahon & Co. v. Wherehouse Entm't, Inc.</u>, 900 F.2d 576, 579 (2d Cir. 1990) ("Some statements, although literally accurate, can

---

[3]  <u>See also</u> <u>S.E.C. v. Das</u>, No. 8:10CV102, 2011 WL 4375787, at *6 (D. Neb. Sept. 20, 2011) ("As the CFOs who signed and certified the statements, [the defendants] were the persons with ultimate authority and control over the content of the statements and whether and how they were communicated.  As such, they were the 'makers' of such statements.").

[4]  While Plaintiff has sufficiently pled that the alleged misstatements and/or omissions were false or misleading, in drafting a second amended complaint, Plaintiff should attempt to state such allegations in a more organized and clear fashion.

become, through their context and manner of presentation, devices which mislead investors. For that reason, the disclosure required by the securities laws is measured not by literal truth, but by the ability of the material to accurately inform rather than mislead prospective buyers.").

Third, Defendants assert that Plaintiffs have not adequately alleged a causal connection between the material misrepresentations or omissions and the alleged loss, commonly referred to as "loss causation."  Loss causation is not subject to a heightened pleading requirement and need only be pled in accordance with Rule 8(a)(2), i.e. "a short and plain statement of the claim showing that the pleader is entitled to relief."  In re TECO Energy, Inc. Sec. Litig., No. 8:04-cv-1948-T-27EAJ, 2006 WL 845161, *2 (M.D. Fla. Mar. 30, 2006) (citing Dura Pharms., Inc. v. Broudo, 544 U.S. 336 (2005)).  Although "ordinary pleading rules are not meant to impose a great burden upon a plaintiff[,]" the Supreme Court has stated:

> it should not prove burdensome for a plaintiff who has suffered an economic loss to provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.  At the same time, allowing a plaintiff to forgo giving any indication of the economic loss and proximate cause that the plaintiff has in mind would bring about harm of the very sort the [securities] statutes seek to avoid.

Dura Pharms., Inc., 544 U.S. at 347.

The plaintiff is not required to show that the defendant's misstatement or omission was the "'sole and exclusive cause' of his injury; he need only show that the defendant's act was a 'substantial' or 'significant contributing cause.'" FindWhat Investor Grp., 658 F.3d at 1309 (quoting Robbins v. Koger Props., Inc., 116 F.3d 1441, 1447 (11th Cir. 1997)).  Thus,

"to sufficiently plead loss causation, a plaintiff must allege a disclosure or revelation of truth about a defendant's prior misstatement or omission that is in some way connected with a stock price drop." In re TECO Energy, Inc. Sec. Litig., 2006 WL 845161 at *2.  Viewing the factual allegations in the light most favorable to Plaintiff, the Complaint establishes such a connection and is not subject to dismissal on this basis.[5]

Fourth, Defendants assert that Plaintiff has not adequately pled scienter.  Scienter must be alleged with respect to each defendant and with respect to each alleged violation. FindWhat Investor Grp., 658 F.3d at 1296.  Because Plaintiff's Complaint does not do so, it will be dismissed without prejudice.  See Durham v. Whitney Info. Network, Inc., Case No. 06-cv-687, 2009 U.S. Dist. LEXIS 113757, at *48-49 (M.D. Fla. Nov. 10, 2009) ("The [complaint] does not clearly distinguish among the individual defendants . . . but rather refers to them together as the "Individual Defendants[.]" . . . Rule 9(b)does not allow a complaint to merely lump multiple defendants together, but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.") (internal quotations omitted).  In its second amended complaint, Plaintiff must state with particularity facts giving rise to a strong inference of scienter, and such allegations must be stated separately for each defendant with respect to each alleged violation, i.e. what, how, and when did each defendant know (or should have known).

---

[5]  The Court emphasizes that these rulings are in the context of a motion to dismiss and can be revisited.

Moreover, Plaintiff should seek guidance from Eleventh Circuit cases such as FindWhat Investor Group, Mizzaro v. Home Depot, Inc., 544 F.3d 1230 (11th Cir. 2008), and Garfield v. NDC Health Corporation, 466 F.3d 1255 (11th Cir. 2006) concerning the necessary allegations of scienter.  The Eleventh Circuit has recognized that the "strong inference" scienter requirement under the PSLRA "is difficult to meet – the inference must be cogent and at least as compelling as any opposing inference." Mizzaro, 544 F.3d at 1257.  Without intimating whether Plaintiff will be able to meet this heightened pleading requirement, the Court will give Plaintiff another chance to do so.

At the same time, Plaintiff must make reasonable efforts to remove extraneous and redundant factual allegations.  Although Plaintiff must meet the requirements of Rule 9(b) and the PSLRA, Plaintiff should otherwise set forth a "short and plain" statement of its claim without losing necessary content.[6]

Accordingly, it is hereby

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 45) is **GRANTED.**

---

[6] The Complaint quotes an excessive amount of materials, much of which does not appear necessary to make Plaintiff's claim, and the Complaint is redundant in many respects, including repeating sizeable block quotations. (See, e.g., Doc. 41 at ¶¶ 158 & 242; 206 & 244; 210 & 247.)  Additionally, quoting lengthy portions of multiple news articles and internet posts is of questionable necessity. (See, e.g., ¶¶ 250, 253, 258-59, 261.)  In short, Plaintiff's 200-page Complaint is unnecessarily long and unwieldy.  The Court suggests more substance and less bulk.

2.  Plaintiff's Amended Class Action Complaint (Doc. 41) is **DISMISSED WITHOUT PREJUDICE**.[7]

3.  No later than **May 1, 2012**, Plaintiff should file its second amended complaint.  No later than **June 1, 2012**, Defendants should file their response to the second amended complaint.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of March, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

jk.
Copies:

counsel of record

---

[7]  Because Platintiff fails to adequately plead a section 10(b) violation, Plaintiff's section 20(a) controlling person claims are necessarily deficient; therefore, the section 20(a) claims are also dismissed without prejudice.  See FindWhat Investor Grp, 658 F.3d at 1294 n.9 ("[N]o § 20(a) claim can lie without first establishing a successful § 10(b) claim."); In re Recoton Corp. Sec. Litig., 358 F. Supp. 2d 1130, 1153 (M.D. Fla. 2005).

10