UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CITY OF ST. CLAIR SHORES GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>LENDER PROCESSING SERVICES, INC., *et al.*,<br><br>        Defendants. | Case No. 3:10-cv-01073-TJC-JBT<br><br>Honorable Timothy J. Corrigan<br><br>**ORDER GRANTING PRELIMINARY APPROVAL TO FIRST AMENDMENT TO STIPULATION OF SETTLEMENT AND DIRECTING DISSEMINATION OF SUPPLEMENTAL NOTICE TO SETTLEMENT CLASS** |

The Settling Parties have presented to the Court for preliminary approval an amendment to the previously submitted Stipulation and Agreement of Settlement, dated as of January 28, 2013, ("Stipulation") in the above-captioned case. The previously submitted motion for final approval of the Settlement (Doc. 99) and motion for attorney's fees and costs (Doc. 100) are therefore due to be withdrawn.

The terms of the amendment are set out in the First Amendment to Stipulation and Agreement of Settlement (the "Amendment") executed by counsel for the parties as of October 22, 2013. All capitalized terms used herein have the meanings set forth and defined in the previously submitted Stipulation, as modified by the Amendment.

The Court, upon review of the Amendment, and finding that the Amendment is sufficiently fair, reasonable, and adequate to warrant the issuance of supplemental notice of the

proposed Amendment to the members of the Settlement Class preliminarily certified by the Court, declares that it is hereby ORDERED, ADJUDGED AND DECREED as follows:

      1.      Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds and Incorporated Memorandum of Law (Doc. 99) and Lead Plaintiff's Counsel's Motion for Award of Attorney's Fees and Reimbursement of Litigation Expenses and Lead Plaintiff Expenses and Incorporated Memorandum of Law (Doc. 100) are deemed withdrawn.

      2.      The Court preliminarily finds that the proposed Amendment should be approved.

      3.      <u>Settlement Hearing</u>.  A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on February 21, 2014, at 10:00 a.m. for the following purposes:

      (a)      to determine whether the proposed Settlement, as amended, is fair, reasonable and adequate, and should be finally approved;

      (b)      to determine whether the proposed Final Order and Judgment as to Defendants ("Judgment") as provided under the Stipulation, as amended, should be entered, and whether the release by the Settlement Class of Plaintiffs' Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

      (c)      to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; and whether the law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP should be finally appointed as Class Counsel for the Settlement Class;

      (d)      to determine whether the proposed Plan of Allocation for the Net

Settlement Fund is fair and reasonable and should be approved by the Court;

   (e) to consider Lead Plaintiff's Counsel's application for an award of attorneys' fees and reimbursement of expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"));

   (f) to determine whether the Court should enter the PSLRA Contribution Bar Order, as described in the Stipulation; and

   (g) to rule upon such other matters as the Court may deem appropriate.

  4. <u>Supplemental Notice</u>.  The Court approves the form and substance of the Supplemental Notice annexed hereto as Exhibit 1, and finds that the procedures established for mailing and distribution of the Supplemental Notice substantially in the manner and form set forth in Paragraphs 4 and 5 of this Order (a) constitute the best notice to Settlement Class Members practicable under the circumstances, (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Amendment and to apprise Settlement Class Members of their opportunity to object to the proposed Amendment, (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice, and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and any other applicable law.

5. <u>Manner of Supplemental Notice</u>.  The previously approved Claims Administrator shall oversee and administer the Supplemental Notice procedure under the supervision of Lead Plaintiff's Counsel.  The manner of providing Supplemental Notice shall be as follows:

(a) Not later than nine (9) calendar days after entry of this Order by this Court (the "Supplemental Notice Date"), the Claims Administrator shall cause the Supplemental Notice, substantially in the form annexed hereto as Exhibit 1, to be sent to each Settlement Class Member who can be identified by reasonable effort.  Such notice shall be sent by first-class mail, postage prepaid, to the Settlement Class Member's last known address.

(b) Lead Plaintiff's Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Supplemental Notice.

6. <u>Nominee Purchasers</u>.  The Claims Administrator shall mail the Supplemental Notice directly to (a) individual beneficial owners whose last-known names and addresses have been supplied by banks, brokerage firms, institutions, and other Persons who are nominees for the beneficial interest of other Persons during the Class Period ("Nominee Purchasers"); (b) any Nominee Purchasers who requested bulk shipments of the original notice of this Settlement ("Original Notice Packet"); and (c) any Nominee Purchasers who supplied the Claims Administrator with mailing labels for individual beneficial owners in response to efforts made by the Claims Administrator in connection with the mailing of the Original Notice Packet.  Within five (5) calendar days of receipt of either the Supplemental Notice or the bulk shipment of the Supplemental Notice, Nominee Purchasers shall either mail the Supplemental Notice form directly to such beneficial owners or provide the Claims Administrator with mailing labels for the name and last-known address of each beneficial owner.

7. <u>Submission of Proof of Claim Forms</u>.  Proof of Claim forms shall be submitted by Settlement Class Members in accordance with Paragraph 14 of this Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement,  dated July 8, 2013 (the "First Preliminary Approval Order"), except the deadline for submitting such Proof of Claim forms shall be January 21, 2014.

8. <u>Objections to the Settlement, as Amended</u>.  Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, as amended, may file an objection.  The Court will consider any Settlement Class Member's objection to the Settlement, as amended, only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Plaintiff's Counsel: Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, 34th Floor, New York, NY 10005, and Jack Reise, Robbins Geller Rudman & Dowd LLP, 120 E. Palmetto Park Road, Suite 500, Boca Raton, FL 33432; and upon Defendants' Counsel, Lyle Roberts, Cooley LLP,  1299 Pennsylvania Ave., NW, Suite 700, Washington, DC 20004; and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Middle District of Florida.  Any Settlement Class Member who does not make his, her or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement, as amended, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment and the releases to be given.  Attendance at the hearing is not necessary; however, persons wishing to be heard

orally in opposition to the approval of the Settlement, as amended, are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, as amended, and who desire to present evidence at the Settlement Hearing, must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

9. <u>Requests for Exclusion</u>. Any Settlement Class Member who previously filed a request for exclusion from the Settlement Class need not file their request again. No additional requests for exclusion shall be allowed.

10. <u>Motion Papers</u>. All papers in support of approval of the Amendment, and Lead Plaintiff's Counsel's modified request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

11. <u>Termination of Settlement</u>. This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties if the Settlement is terminated in accordance with the Stipulation.

12. <u>Nullification of Amendment</u>. In the event that the Amendment is declared null and void by Lead Plaintiff or LPS pursuant to the Amendment, but the Settlement is not terminated, then this Order shall become null and void, the Settling Parties shall be restored to their respective positions in the Action as of October 14, 2013, and LPS shall have five (5)

calendar days from the date of any such declaration to elect to terminate the Settlement, or go forward with the Settlement as it existed on October 14, 2013.

13. <u>Use of Order</u>. This Order shall not be construed or used as an admission, concession, or presumption by or against any of the Released Parties of any fault, wrongdoing, breach, or liability or as a waiver by any Released Party of any arguments, defenses, or claims he, she, or it may have in the event that the Settlement is terminated or the Amendment is nullified, nor shall it be used in any manner prohibited by Paragraph 49 of the Stipulation. In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or presumption by or against the Released Parties, Lead Plaintiff or the Settlement Class.

14. <u>Continuance of Hearing</u>. The Court reserves the right to continue or adjourn the Settlement Hearing from time to time without further notice to the Settlement Class. The Court may approve the Settlement, including the Amendment thereto, with such further modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

15. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: October 30, 2013

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge